UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,

       **Plaintiff,**      **MEMORANDUM AND ORDER**

    -against-          10-CV-3437 (CBA)

**EVAN DAVIS,**
*individually and as officer, director,*
*shareholder and/or principal of*
*L.D. Island Cafe, Inc., doing business as*
*Laten's Place Restaurant, also known*
*as Laten's Place*, and

**L.D. ISLAND CAFE, INC.**
*doing business as Laten's Place Restaurant*
*also known as Laten's Place*,

       **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

  In an order issued on October 21, 2010, this Court noted that defendants' answers were long overdue but that plaintiff had taken no action to prosecute the case; the Court directed plaintiff to show cause why the case should not be dismissed for lack of prosecution. See Order To Show Cause (Oct. 21, 2010), ECF Docket Entry ("DE") #5. In response, plaintiff filed a motion for default judgment, see Motion for Default Judgment, DE #7, 8, and, without explaining the delay in filing the motion, asserted in conclusory fashion that "[p]laintiff meant no disrespect to this Honorable Court . . . ." Plaintiff's Response to Order to Show Cause ¶ 5, DE #6.

  This Court has undertaken a review of similar cases that were filed by plaintiff's counsel, Julie Cohen Lonstein of Lonstein Law Office, P.C., and assigned to this magistrate

judge for pretrial supervision. The Court's examination has revealed a troubling pattern: i.e., when, as often happens, the Court issues an Order To Show Cause why the case should not be dismissed for lack of prosecution, plaintiff's counsel either withdraws the action or moves for default judgment, claiming that "[p]laintiff meant no disrespect" to the Court but failing to explain counsel's persistent delays. See, e.g., Joe Hand Promotions, Inc. v. James Collins, 06 CV 6521 (RJD), Plaintiff's Response to Notice Before Dismissal for Failure to Prosecute (May 2, 2007) ¶ 4, DE #6 (promising to file motion for default); J&J Sports Productions, Inc. v. Thomas, 06 CV 5435 (RJD), Response to Order To Show Cause (Dec. 21, 2006) ¶ 4, DE #8 (same); J&J Sports Productions, Inc. v. Anigilje, Response to Order To Show Cause (Dec. 15, 2006) ¶ 4, DE #6 (same); J&J Sports Productions, Inc. v. Peralta, 06 CV 4016 (ERK), Response to Order To Show Cause (Apr. 19, 2007) ¶ 4, DE #4 (simultaneously discontinuing action); Joe Hand Promotions, Inc. v. Perez, 06 CV 3380 (FB), Plaintiff's Response to Order To Show Cause (Oct. 11, 2006) ¶ 4, DE #6 (promising to file motion for default judgment); Joe Hand Promotions, Inc. v. Rodriguez, 05 CV 5560 (NGG), Plaintiff's Response to Order To Show Cause (Mar. 10, 2006) ¶ 3, DE #6 (same); ISM Sports, Inc. v. Torres, 04 CV 2921 (ARR), Plaintiff's Response to Order To Show Cause (Feb. 1, 2005) ¶ 3, DE #7 (simultaneously filing notice of settlement); DirecTV, Inc. v. Long, 04 CV 246 (NGG), Plaintiff's Response to Show Cause Order (Apr. 15, 2004) ¶ 3, DE #5 (same); Garden City Boxing Club, Inc. v. Largo, 04 CV 245 (CPS), Plaintiff's Response to Order To Show Cause (Apr. 19, 2004) ¶ 4, DE #7 (filing request for entry of default). The Court has no reason to believe that this pattern is unique to cases assigned to this judicial officer.

Whether or not plaintiff intended any disrespect to the Court, plaintiff's counsel's

persistent failure to pursue her clients' claims unless prodded into action by a judicial directive is an affront to the Court, as it has been effectively cast in the role of counsel's tickler system. Repetitive apologies will not suffice. The Court demands some concrete assurance that plaintiff's counsel will institute procedures that put an end to this cycle of delay. Therefore, plaintiff's counsel shall, by November 19, 2010, file via ECF a sworn statement describing her typical caseload at any given time and detailing what, if any, systems are currently in place to ensure that her cases are not allowed to languish, and what additional procedures are being implemented to cure the derelictions described in this opinion.

**SO ORDERED.**

Dated:    **Brooklyn, New York**
            **November 9, 2010**

                                            **ROANNE L. MANN**
                                            **UNITED STATES MAGISTRATE JUDGE**